Garish SHARMA, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–74676.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Aaron Nelson, Trial, Briena Strippoli, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Garish Sharma, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from: (1) an immigration judge's ("IJ") decision denying his motion to continue and denial of relief under the Convention Against Torture ("CAT"); and (2) the BIA's denial of his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion both the denial of a motion to continue, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and the BIA's denial of a motion to remand, *Romero–Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir.2008). We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part, and dismiss in part the petition for review.

The IJ did not abuse her discretion in denying Sharma's motion to continue because the IJ previously granted a continuance, and Sharma's eligibility for relief was speculative. *See Sandoval–Luna*, 526 F.3d at 1247 (denial of a motion to continue was not an abuse of discretion where proceedings had previously been continued and the petitioner was not immediately eligible for relief).

The BIA did not abuse its discretion in denying Sharma's motion to remand because the BIA acted within its broad discretion in determining the transcript was sufficient. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law"); *see also Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) (en banc) (a motion to reopen is treated as a motion to remand).

Sharma's due process contention regarding the claimed incomplete nature of the hearing transcript fails because the record indicates that Sharma's attorney received personal written notice rescheduling the three hearings in question, and the transcript is complete. Accordingly, Sharma failed to demonstrate error or prejudice. *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim). Sharma's due process contention regarding the denial of his motion to continue based upon his pending appeal for release of a complete copy of his personal agency file under a Freedom of Information Act request also fails because no prejudice was demonstrated. *See id.*

We lack jurisdiction over Sharma's contention that the IJ erred in failing to discuss country conditions evidence when analyzing Sharma's CAT claim because this claim was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.